the fourth district appellate court of the state of Illinois has now convened the honorable James a connect presiding morning we have this morning people of the state of Illinois versus Michael Pinkett 419-0172 I would like for the appellant to state your name for the record morning your honor Simone Patras thank you and I would like counsel for the appellee to state your name for the record Luke McNeil you may proceed may it please the court counsel good morning your honors my name is Simone Patras and I'm from the office of the state appellate defender and I represent the appellant Michael Pinkett in this matter your honors in Illinois silence cannot be used as substantive evidence of guilt yet here the prosecutor informed the juries during opening statements that Mr. Pinkett never asked why he was being detained when he was arrested counsel immediately objection and then made an oral motion for a mistrial based on the proper income excuse me improper commentary but here the prosecutor said that he had looked into this before trial and that he based his his decision to use this evidence in this way based on an Illinois practice volume entitled defendants pre-arrest silence where of this case we were talking about Mr. Pinkett's post-arrest silence then he claimed that fresher versus we're and people versus givens held that and I quote the use of post-arrest silence does not violate a defendant's right to silence where Miranda warnings have not been provided and that is quoting from the practice volume however when reading the practice volume and in context it is readily clear that these cases were dealing with where the defendant avails himself to impeachment on cross-examination so therefore the trial court then erred in agreeing with the prosecutor that it was familiar with givens and then found that case the state's representation of givens distinguishable and in a case where Mr. Pinkett never tasted up testified at trial this you know just as this court stated in people versus strong albeit not the ultimate holding of the case and not the reason this court granted relief this court unequivocally declared that silence is not admissible in the state's case in chief and that it should not be used so in the future and in addition your honors the jury instructions that opening statements are not evidenced did not cure the president the prejudice in this case because the court by overruling counsel's objection signaled to the jury from the outset that this was that this was proper to make an inference of guilt on that basis and then the prosecutor repeatedly argued this throughout trial during well uh on direct examination of two police officers and then during closing arguments so here the prosecutor which in a canon to a certain degree was a misstatement of law because it couldn't be used in this way um you know impinged on Mr. Pinkett's right to not testify on his own behalf because the jury could think that silence as the prosecutors argued is evidence of guilt therefore his failure it wasn't implicitly a comment on his failure to testify in this case so in essence you know counsel sought by asking for a risk trial a different jury untainted by the prosecutor's remark but even if this court finds no error on the denial of the motion for that the council was ineffective for failing to point out that these cases were distinguishable and again because these cases were readily distinguishable and a plain reading of those would be it would be evident that these are impeachment cases even so the prosecutor engaged in a passage of misconduct throughout trial and commented on and then implicitly commented on his failure to testify because and I quote he said if it's his argument that Mr. Pinkett had nothing to with it then surely you would ask what's going on so that is implicitly the comment on the failure to testify that is a result of this initial error that occurred during the hearing on the motion for a mistrial and again the prosecutor although he did comment that Mr. Pinkett therefore had a right to remain silent if anything this confused the jury because then why would his right why would his silence upon arrest be relevant in this case then so you know however this court finds however this court can characterize the this error this error was here by the prosecutor and it needs to be remedied by this court because it caused a violation of Mr. Pinkett's due process rights in addition the evidence in this case was closely balanced the state's case rested almost entirely on a single officer who attempted to make the initial stop and and Mr. Pinkett it was equally plausible that Mr. Pinkett was not aware that the officer was trying to pull him over he did was wearing a helmet a face mask and earplugs in addition to the fact that a Harley Davidson was next to him which evidence was adduced that that is louder than a normal motorcycle and the fact that obviously Mr. Pinkett was on a motorcycle so the noise of three motorcycles wind and other things make it equally plausible and Mr. Pinkett did not hear uh and further in the alternative counsel provided ineffective assistance to continue his objections throughout the trial because again state here getting engaged in a pattern of misconduct and there was no reasonable trial strategy for counsel to failure to continue his objections or to look into those cases to make to renew his objections and and point out to the court that these silence is not admissible in this manner in the way the state is arguing it so your honors again regardless of how the errors characterize miss it caused a violation of Mr. Pinkett's due process that rights and if your honors if you have no questions uh we ask that you reverse Mr. Pinkett's convictions and remand for a new trial actress you've indicated that the state engaged in a pattern of misconduct how is the state engaging in a pattern of misconduct when the court has received from the court well your honor because the court is also charged with having the presumption is that the court knows the law and the court here did say it knew the law and it was familiar the case but it was also saying it was familiar with the case based on the prosecutor's representation of that case at the time and the prosecutor had an equal duty to the court so it would be it would be our our argument that had the prosecutor not made these arguments it wouldn't have been adduced in this way so the initial the initial reason this came up is through the prosecutor introducing it this way i don't disagree with your explanation but we are seeing a pattern of cases where those phrases are used prosecutorial misconduct uh which is not quite the same as uh hiding evidence or the kinds of things where that appellation would be readily available so i'm wondering if uh you know we sometimes see inexperienced prosecutors we sometimes see inexperienced defense lawyers or we see seasons one seasoned ones that still make mistakes and i'm wondering whether that phrase is perhaps an make uh which judges sometimes permit them to make as misconduct that seems a harsher term and i'm not criticizing you for it we find it in some of the cases yes your honor and and and in fact uh the supreme court the united states has said that you know the the error here isn't based in the error is based on the denial of the fairness of the trial it is not based on the of the prosecutor so in this case i would submit here that in under these facts if it was you know it was if it wasn't to the misconduct it was indeed reckless because these cases were clearly distinguishable and a clear reading if the prosecutor went beyond looking at the illinois practice volume and actually perhaps maybe read those cases because i think it's reasonable to assume prosecutor maybe didn't read those cases i i think it could have been i do think in this case that he had an obligation to do so because it was going to mr mr mr pinkett's fifth amendment rights so uh you know a prosecutor also black's law does dictionary does define a prosecutor's improper or illegal act or even a failure to act especially involving an attempt to avoid required disclosure or to persuade the jury to wrongly convict or defendant or assess an unjustified punishment i mean that's that that would be the definition so it's it's not necessarily you know even if it was the prosecutor's misunderstanding of the law due to an experience you know it was reckless in this case and and the holding of the cases he relied on clearly limit their holdings to instances of impeachment so i that's how i would respond that's a pretty good answer i didn't i didn't mean to step into your question justice white uh did you have something no thank you i have questions oh yes just lots of them okay counsel you have described this evidence as closely balanced well didn't the police officer follow your client on the motorcycle for 13 miles with the siren going and with the lights going on top of the police car yes your honor but because because mr pinkett was wearing three layers of protection on his head in addition to the the loudness of the motorcycles it is not implausible that he didn't actually hear because again it was it's three layers on his head which is commonly worn by people who and evidence was adduced to that effect so it is equally plausible that he did not in fact hear the officers try to pull him over and it was a single officer i to me that's mere speculation i don't think there's evidence that he didn't hear uh but regardless he didn't have to hear the lights were going on the car so what difference is the fact that he may not have heard the siren even make well your honor he saw he saw the lights go on in the car while the the officer was pulled on the side of the road but in order to initiate a stop there's a number of reasons why a light could be on the side of the road in order to officially initiate the stop the police officer would have to activate a siren now wait a minute i thought the police officer following the motorcycle had his lights going on for 13 miles am i wrong about that yes your honor from the beginning but he did not immediately turn on the siren and in fact when approaching the stop sign the police officer turned off the siren okay let me stop you there i've already told you that that doesn't make any difference you've looked at the statute you don't have to have both the siren and the lights so what difference does it make that he didn't hear the siren if he indeed did not that's my question well your honor there could be a number of reasons why the police officer had had his lights on and and indeed one of these had the silver suv actually didn't curb immediately and continued for a mile so again it comes to the our take is that the case came down to whether mr pinkett in fact heard and actually understood that police officers were trying to initiate a stop you seem not to be addressing my question about the siren i've looked at the statute i've looked at the cases the siren isn't even necessary and yet you keep arguing that maybe he didn't hear siren my question is why does it matter since the lights were going on in the car anyway because mr because mr pinkett said that he had looked down upon seeing the light so it wasn't apparently evident to him but even so your honor in the alternative it would be our contention that this ride rose to second prong plane error because this was not just an isolated comment in this case this was something that the prosecutor relied on throughout and created an inference of guilt based on my client's silence so this you know i and while recognizing there are cases which found that harmless error in cases where you know this was just a single comment but there are no cases that i'm aware of where the prosecutor threw up from from the beginning of the trial throughout the trial and then during closing arguments relied on this as evidence of guilt and that and that's ultimately happened here so and in the man in this case i i would say even if this court does not find that the evidence was closely balanced that this was this did amount to second prong plane error because it did go to his fundamental denial of his rights miss patrice let me make sure i'm clear on on the facts here my understanding is that your position is we do need to be able to we're trying to stop him whether that be because he saw lights or because he heard a siren is that accurate that's accurate your honor and so the way they were traveling there were three motorcycles correct that's correct and your client was in the front and he had no mirrors on his lights at the beginning uh miss we we don't actually your honor because there was no testimony that mr pinkett actually saw the lights when the police officer turned on his lights that he actually indeed saw them so we actually don't know and so then you also have another officer later down the road who's on the side of the road with lights on correct correct but that officer didn't flag down the motorcycles or give any indication that hey these lights are for you or that you're supposed to be stopping no your honor because in fact that that that police officer you're referring to was more facing the road and wasn't curbed to the side of the road so it's not necessarily true that he would have seen that either okay counsel is it a violation of the illinois vehicle code not to have mirror a mirror on a motorcycle yes 200 feet behind you yes your honor well does that make any difference uh not in this case your honor because that wasn't charged in this case that wasn't what wanted and the state could have but did not do so so so i'm going to understand your argument then you don't have to follow the vehicle code so you you don't have to put a mirror on so you can't see anything behind you and you can put earplugs in so you can't hear anything so you can't ever be guilty of fleeing and alluding i guess no your honor i wouldn't you don't testify it's impossible for the state to prove that the person didn't see or hear the car traveling behind them 13 miles with the siren going and the lights flashing that seems to be your argument i'm having a hard time with it no your honor it would be that but the argument is also that you know as you say the state could have proven guilty but because because the state introduced silence as evidence of guilt and consistently relied on that we cannot this court or we cannot say whether this had an impact on the jury's ultimate verdict so it's not that alone it's it's it's the impact of that in the end and that is what is part of the prejudice analysis in this case anything further no no your honor and we'd ask that you reverse mr pinkett's conviction and remand for a new trial all right we'll hear from you on rebuttal mr mcneil may it please the court council um council's definition of prosecutorial misconduct from blacks even as she was reading it um talks about either the usual traditional prosecutorial misconduct of being brady violation or knowingly arguing that a defendant's guilty knowing that he's not um both of these are deserving of the pejorative term prosecutorial misconduct because it suggests intentional or willing misconduct or error by the prosecutor in this case of course as justice connect or as justice holder white pointed out uh the prosecutor this was this was settled in opening statements so the prosecutor was not um committing misconduct by relying upon the trial court's decision well how about the fact that uh he may have misled the trial court regarding this case which i think is easily distinguishable i i would i would submit that the given it's not it's the the facts of that case are easily distinguishable from this one because the defendant testified in that case however the holding was that the post-arrest silence in that case was relevant and therefore admissible at trial that i think that and and even the cases the defendant cites in this in this uh appeal the they're viewed through the lens of illinois evidentiary principles not due process and of course the the most common rule for uh evidentiary admissibility is the balancing test of it being probative versus prejudicial i did cite one case the bulohana's case which is an old case but that that case involved uh defendant's post-arrest silence during the state's case in chief and that as far as i know is still good law um we have to look at the totality of the circumstances in this case most of the cases cited by defendant and um are distinguishable for the fact that this they were commenting upon a defendant's refusal to answer questions after arrest at the police station or while in clear custody this was in the very brief moments that deputy frazier first encounters the defendant and we also have to realize that the whole theory of defendant's case as absurd as it is was that he didn't contest that he was the one on the motorcycle he just contested that he didn't know he was being pursued so obviously this was extremely probative um and there the prejudice as i'll get to later the evidence was overwhelming so the the prejudice to defendant was the the balancing test uh goes in favor of the state here we also remember that this was a motion for a had the trial court went the other way found the other way i don't think that would be an abuse of discretion either but the case law that the trial court did have to look at held that the post-arrest silence in that case was admissible um so i would argue that the there was no intentional yes i'm wondering to me it's very significant that in this case the testifier then he is putting himself in a situation where he's subject to impeachment but here isn't this a situation where the defendant has decided i'm going to hold on to i'm going to rely upon my right to remain silent and the fact that the prosecutor then goes into this and the court allows it and fails to sustain the objection when that happens that seems quite significant well i again i don't think that a defendant maintaining his right to remain silent i don't think like i said most of the cases involve the questioning process at the at the at the jail or in a police car or something like that not in the very few brief instances basically defendant's lack of words wasn't even the the main thing here it was the way he acted well what i'm what i'm when i talk about the defendant choosing to remain silent i'm talking about the decision not to testify at trial and not have the prosecutor be able to kind of in a back through a back way get into the fact that the defendant was silent in front of the jury and have the jury infer from that that oh well this guy is guilty i the only again the the case law is thin to support this position but the bulohana's case i did cite involved defendants post arrest silence in the state's case in chief and i submit that that case is still good law and was relevant testify in that case he ended up testifying but um the his post arrest silence was elicited in the state's case in chief and the the first district found that it was relevant in that case because it tended to prove the charges against him and therefore it's extremely probative in this the trial court erred in in denying this motion for mistrial or or admitting this evidence the any error was harmless beyond a reasonable doubt due to the overwhelming evidence defendants theory in this case was simply absurd he was followed for 13 miles by a police officer and even assuming he's legally deaf although i think everyone knows how loud police sirens are you can hear them blocks away inside your own house the police officer also had his overhead lights going and everyone i think knows how strong these moving red and blue overhead lights are and how they reflect off any surface that can be reflected so i think it's absurd even from the point of if that was the only evidence that defendant just simply didn't know simply buried his head in the sand and closed his eyes and didn't know he was being followed that's already ridiculous however there was plenty more evidence to suggest defendant knew he was being followed there was evidence of him and the other two motorcycles increasing their speed almost instantly to above 90 miles an hour more than twice the speed limit where they were to pass a car in a very brief window when another car was coming in other words preventing the police officer from from also passing that car until later this can obviously be seen as an evasive maneuver and i would submit is the only reasonable inference to make for the defendant and his co-defendants or accomplices doing that there was also officer hobbs's testimony she heard deputy frazier's or deputy wassell's radio call that he was following this person of course she had plenty of time because deputy was behind them for 13 miles she put she was in front of defendants a defendant's motorcycle when she operated her overhead lights to assume that from the side of the road at the at that time yes but i mean so if someone in defendant's position who okay will assume that he didn't know at that point that someone behind him had his lights on for 13 miles defendant's position there seeing another officer turn their lights on he didn't have to turn around even though i don't think he would have to turn around to know that the person behind him's overhead lights were on either the video shows how close deputy wassell was to defendant and the other motorcycles but he didn't even have to turn around to see officer hobbs lights at that point any reasonable person in defendant's position would at least check out his surroundings and find out why this police officer on the side of the road also had their lights on still mr mcneil i'm just thinking about when you're driving on you know a country road or a back road as far as this evasive maneuver that you describe here and in your brief isn't it true that you rarely have an opportunity to pass a vehicle and then there's an opportunity for someone else to pass it's usually exactly what you describe where you oh i have a chance to get around this car in front of me i increase my speed and i quickly pass them and then who knows when another opportunity may come about if you if i if you look at the video there's plenty of gaps from oncoming traffic coming in that video from deputy wassell's squad car to do it right then and to do it at such an increased rate rapid rate of speed again doubled the speed limit i suggest that that reasonable inference to make from that was that they were obviously trying to get away from the police officer that's been following him for miles then we have the other police officer also has their overhead lights on still oblivious defendant at that point he goes into the walmart parking lot apparently almost hits frank smith or at least it gets close enough that frank smith realizes something's wrong thinks his behavior thinks this person's going fast enough that he calls a friend who's a police officer and packs his family up and leaves walmart and he had no reason to suspect that this was uh uh this motorcycle chase was happening before happening before he got to walmart so defendant comes into the walmart parking lot at an unreasonable rate of speed then suspiciously there for a while and ends up parking in the garden section behind a stack of mulch this is the only reasonable inference to make from all of this is that defendant was clearly trying to hide from the police officer that had been chasing him for the last 13 miles and even without any evidence of how he acted at the time of his arrest the outcome of the proceedings clearly would not have been any different in this case and it's well settled that even harmless error applies to constitutional issues so even assuming this was a some sort of fifth amendment due process issue and not just an illinois evidentiary issue harmless error still applies and and it was clearly harmless beyond a reasonable doubt in this case again as for the prosecutorial misconduct argument justice connect pointed out in this court's recent opinion and prosecutorial misconduct unless the prosecutor's actions suggest willing or intentional errors more deserving of such an invective or pejorative term i see the prosecutorial misconduct in almost every case i i had now in the past six months and here like i said the prosecutor was simply following the trial court's rulings as for the other alleged prosecutorial misconduct it it was when the pike county in context he's clearly talking about the two lane roads which we already talked about um on two lane country roads you have to pass in the oncoming traffic lane and that's clearly what he was talking about when he just was discussing pike county was the fact that everybody knew that these rural roads that's the way you pass people so that was had nothing to do with creating an them mentality and uh the overwhelming evidence also rejects any uh ineffective ineffective assistance argument i would also submit that counsel's performance wasn't objectively unreasonable and failing to continue to object he made the motion for mistrial heard the trial court's ruling it was not objectively unreasonable for him to make objections that he knew were going to get overruled that would just look bad in the eyes of the jury he raised this issue in his post-trial motion as well so um there was no objectively unreasonable performance by counsel here and um there was no prejudice because the evidence was overwhelming so i would argue that um due to the overwhelming evidence both of these arguments must fail and there was no misconduct and this court should affirm there are no more questions i thank the court i see no questions we'll hear from miss patterson rebuttal thank you your honor the the state insists again that mr pinkett's silence was properly met as a substantive evidence of guilt uh but it's i mean there is no case cited and and certainly in but of course that's that's a distinguishable case because in that case it actually was relevant to the offense and it was relevant as an admission and then however it did not sanction the use of substantive evidence of guilt in all situations so and again as justice holder white pointed out the you know the defendant did testify in that case and then the court did ultimately find that evidence was overwhelming whereas here that that that isn't the same and as also as juster soldier white pointed out uh this case the error in this case was quite significant and because mr pinkett never testified and that is unlike the defendant in bolehanas and and essentially uh the state ignores that its argument essentially the state is advocating for a rule whereby every suspect would be required to contest or question why they're being arrested immediately or otherwise remain silent and then risk it being used as evidence of guilt at trial and and in such as not comport does not comport with the fifth is the fifth amendment rights uh and and here in terms of counsel relied heavily on the closely nature of the closely balanced evidence and in terms of his comments that he was absolutely unaware uh that that is rebutted by the record and uh as as justice holder white pointed out you may may also quickly pass a higher rate of speed just to make a safe pass behind someone um and and in any event this is not talking about the the the fact that this is not a sufficiency argument this is about the essence of a closely balanced case being that each each both the state's theory and the defense theory were equally plausible and in terms of counsel commenting on the loudness of the motorcycles themselves excuse me the the loudness of a police siren well equally loud are three motorcycles and in addition to wearing the normal repertoire of a of a motorcyclist of three layers um of which you know that that is there was in this case uh and uh in terms of uh how the defendant was trying to hide by parking behind mulch uh you know he obviously did a very bad job of trying to hide that to be you know of trying to hide that he was uh not involved fleeing or alluding because he actually took the things in him that with him that he was wearing that would incriminate him and then thus connect him to the persuasive um with with regards to the definition just to respond quickly about um the usual prosecutorial misconduct uh this court and people versus powell actually did hold um that the state aired an eliciting testimony from an officer um that refused to actually answer questions so you know this court found that because it had no probative value and seriously prejudiced the contention that this is somehow irrelevant is is rebutted by the record um and if you're if your honors have no further questions i had one quick one um i know that there were several witnesses or at least one or two that said they saw earplugs i think around your client's neck were any earplugs ever found because i couldn't tell for my review of the record it does not appear that they were found uh when he was apprehended in walmart i don't know about being when he was apprehended in walmart but it's clear from when he entered that they were around his you can see it from the picture um and the the video that they were around his neck that there was something earplugs headphones something that that looked like that but i don't know if they i don't think they were ultimately recovered no and and that's what i thought okay thank you thank you uh counsel we'll take this matter under advisement and await the comments